FRANCISCO FANO, TESORERO INTERINO DE PUERTO RICO, demandante, *v.* BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, demandado; PRIMITIVO ROCAFORT, interventor y apelante.

No. 6491.—*Sometido:* Marzo 12, 1935. *Resuelto:* Abril 24, 1936.

*E. Castro Fernández,* abogado del apelante; *Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Procurador General Auxiliar,* abogados del demandante; *Salvador Suau,* abogado del Síndico del Banco demandado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Primitivo Rocafort estuvo empleado continuamente con el Banco Territorial y Agrícola de Puerto Rico por espacio de más de treinta años. Con fecha 3 de noviembre de 1930 se le dirigió la siguiente carta:

"Tengo el placer de informar a usted que en reunión celebrada por la Junta de Directores de este Banco en noviembre 3, y en reconocimiento de los largos años de servicios fieles y eficientes prestados a esta institución, fué acuerdo jubilar a usted con una pensión vitalicia de ciento cincuenta dólares ($150) para tener efecto inmediato.

"La Junta al tomar este acuerdo entiende que está cumpliendo con un deber de gratitud para usted, ya que debido a su larga edad parece razonable y justo que usted se retire del servicio activo.

"Al comunicar a usted esta resolución me hago solidario de la disposición de la Junta y quedo . . ."

Entonces Rocafort se jubiló y dicha pensión le fué pagada regularmente hasta el 30 de septiembre de 1932. Ese día el banco pasó a manos de un Síndico y éste repudió los términos de la carta antes citada y se negó a pagar más dinero a Rocafort. El Síndico no solamente rehusó permitir al interventor Rocafort que compareciera como acreedor corriente sino que le negó el derecho a presentar una reclamación de conformidad con su probabilidad de vida computada, a razón de $150 mensuales. Quizás lo uno es equivalente a lo otro.

Los autos guardan silencio sobre la naturaleza del Banco y su franquicia anterior, pero podemos asumir que estaba debidamente incorporado en armonía con las leyes bancarias de Puerto Rico. Tampoco hay nada en los autos que demuestre si el Banco pasó voluntariamente a manos de un Síndico, o si su insolvencia, suspensión de pago o lo que fuera, le fué impuesta. Toda vez que el pleito fué iniciado por el Tesorero Interino contra el Banco Territorial y Agrícola,

la probalidad es que el Banco fué llevado a los tribunales y que se designó un Síndico.

En el pleito instruído por el Tesorero, como ya hemos dicho, Primitivo Rocafort radicó una solicitud de intervención. Ésta fué concedida, mas la corte luego de celebrada una vista resolvió que el interventor no tenía reclamación subsistente contra el banco.

La corte fué del criterio que sólo estaba envuelta una donación por la suma ʹde $150 al mes, que la donación fué un acto de mera liberalidad revocable a voluntad del donante, y que el interventor no tenía derecho a reclamar daños y perjuicios por su incumplimiento. La corte dijo que el Síndico actuó correctamente ya que el pagar la reclamación sería en detrimento ʹde los acreedores del banco, cuya participación en los fondos de éste sería disminuída *pro tanto;* que la donación sólo podía comprender bienes presentes y no futuros, de acuerdo con los artículos 634 y 635 del Código Civil, y continuó ʹdiciendo:

"... El donante en el presente caso, una persona jurídica, hoy suspensa en el ejercicio de sus funciones como consecuencia de la sindicatura, no pudo jamás obligarse a lo que no podía al ocurrir, como ocurrió, la paralización de sus negocios, fuente originaria de sus beneficios de donde tenía que salir forzosamente la pensión, ya que para el pago de la misma durante la probable vida del donatario no hubo separación de fondos, y sí meramente un desembolso mensual de su caja, sin que se haya demostrado la existencia de cantidad alguna para seguir atendiendo la misma. . . ."

La corte hace referencia al caso de *Saldaña* v. *Comas, Síndico de la Central Vannina,* 41 D.P.R. 339. Convenimos con el apelante en que los hechos ʹde ese caso son distintos. La insistencia principal ʹdel apelante es que el aquí envuelto es un contrato entre el banco y Primitivo Rocafort; que en Puerto Rico pueden celebrarse contratos teniendo la pura liberalidad por causa, y que cuando una persona obligada a cumplir semejante contrato deja de hacerlo así, ella está

sujeta a un pleito de daños y perjucios por su incumplimiento.

Por el momento asumiremos con el apelante que la relación existente entre las partes litigantes fué la de acreedor y deudor o algo equivalente a ello. Hemos hallado cierto número de casos que resuelven que cuando una corporación es llevada involuntariamente a manos de un Síndico, cesan los contratos por salarios. *Williamson County Bank & Trust Co.* v. *Roberts-Bedford D. G. Co.,* 118 Tenn. 340, 101 S. W. 421; *Lenoir et al.* v. *Linville Imp. Co.,* 126 N.C. 922, 36 S.E. 185. Véase la nota a este caso en 51 L.R.A. 146. "Thompson on Corporations" (3ª ed.) Vol. 3, sec. 1883, p. 477. Los casos ingleses deciden lo contrario. El apelante se funda en parte en casos de allí. En Inglaterra el derecho a un sueldo participa aparentemente de la naturaleza de una propiedad hereditaria incorpórea (*incorporeal hereditament*). El apelante también nos cita un caso de Louisiana, donde una corporación, enteramente solvente, pagó una suma de dinero· a la viuda de un funcionario y accionista por parte de un mes. La corte resolvió que no hubo oposición u objeción por los acreedores o accionistas; que el dinero pagado fué una donación y no podía ser recobrado.

Éste es prácticamente un caso de primera impresión. No hemos hallado nada exactamente igual a él en los libros. La idea original del banco al hacer esta concesión a Primitivo Rocafort fué que tenía fondos disponibles, independientemente de las reclamaciones de sus acreedores o depositantes. En otras palabras, que existía un fondo independiente del cual podía pagarse este dinero, en la misma forma que se hace con las donaciones.· La teoría fundamental fué que el banco estaba recibiendo utilidades de las cuales podía hacer donaciones o convenir en pagar una pensión. Ambas partes asumieron que el banco continuaría haciendo negocios indefinidamente. Nos inclinamos a resolver que esta pensión era tan sólo una reclamación contra el banco si éste tenía fondos

disponibles. Decimos esto asumiendo aún que la "pensión participara de la naturaleza de un contrato".

Sin embargo, estamos dispuestos a convenir con la corte inferior en que esta pensión era una donación, revocable a instancias del donante o de la persona que a éste sustituyó, el Síndico en este caso.

*Debe confirmarse la sentencia apelada.*